IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OHIO DISTRICT
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                   Case No. CR-2-14-134
                                          JUDGE GREGORY FROST

LANNY R. GREER,

    Defendant.

## ORDER REVOKING SUPERVISED RELEASE AND IMPOSING SENTENCE

This matter came on for a hearing this 28th day of September, 2015 upon the Petition to Revoke the Defendant's Supervised Release Status. Defendant, Counsel for Defendant, and Counsel for the Government appeared.

At the hearing, Defendant admitted to violating:

Standard Condition No. 7: "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except prescribed by a physician."

Special Condition No. 3: "The defendant shall participate in an approved program of outpatient, inpatient or detoxification substance abuse treatment, which will include drug and alcohol testing to determine if the defendant has reverted to substance abuse"

Defendant denied the allegations involving a violation of Standard Condition No. 3. A

1

hearing was conducted and the Court found that Defendant had violated Standard Condition No. 3 based upon the uncontroverted testimony of Probation Officer Boone.  Standard Condition No. 3 provides:

> Standard Condition No. 3: "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of probation officer."

The Court accepted the admissions and the Court enters the finding that Defendant violated Standard Condition No. 3

The Court thereafter proceeded with sentencing.  Pursuant to the United States Sentencing Guidelines (U.S.S.G.) 7B1.1(a)(2), Defendant has been found guilty of violating two Standard Conditions of Supervised Release and one Special Condition, which conduct represents Grade C violations.  Based on a Grade C violation and criminal history category III, the advisory guideline imprisonment range for revocation purposes is 5 to 11 months. See U.S.S.G. 7B1.4(a).

Relying upon the foregoing, the facts of this case, and the 18 U.S.C. 3553(a) factors, the Court orders that Defendant's supervised release be revoked and the Court sentences Defendant to ten (10) months imprisonment.   Upon completion of the sentence, Defendant shall be placed on Supervised Release for a period of two (2) years.  The following special condition shall be imposed; 1) Defendant shall participate in substance abuse counseling as directed by the U.S. Probation Office, which may include random urinalysis, and Defendant shall make copayments for treatment services, not to exceed $25.00 per month which is determined to be Defendant's ability to pay; 2) Defendant shall reside at the Residential Re-Entry Center for a period of sixty (60) days; 3) Defendant shall participate in mental health counseling at the direction of the U.S. Probation Office, and Defendant shall make copayments for treatment services not to exceed

$25.00, which is determined to be Defendant's ability to pay.

All previously imposed terms  terms and conditions of Supervised Release shall remain in effect during the two year term of Supervised Release.

After sentencing, the Defendant acknowledged his rights on appeal.

Defendant was remanded to the custody of the United States Marshal's Service.

**IT IS SO ORDERED.**


       s/   Gregory L. Frost
**GREGORY L. FROST, JUDGE**
**UNITED STATES DISTRICT COURT**